IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY PEDRAZA,

                    Plaintiff,

vs.                                    Case No. 17-2152-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the

Commissioner of Social Security denying the plaintiff disability

insurance benefits.  The matter has been fully briefed by the

parties.

## I.  General legal standards

     The court's standard of review is set forth in 42 U.S.C.

§ 405(g), which provides that "the findings of the Commissioner

as to any fact, if supported by substantial evidence, shall be

conclusive."  The court should review the Commissioner's

decision to determine only whether the decision was supported by

substantial evidence and whether the Commissioner applied the

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984

(10th Cir. 1994).  Substantial evidence requires more than a

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On July 20, 2015, administrative law judge (ALJ) Cynthia K. Hale issued her decision (R. at 14-27). Plaintiff alleges that he has been disabled since October 18, 2013 (R. at 14). Plaintiff is insured for disability insurance benefits through

December 31, 2016 (R. at 16).  At step one, the ALJ found that
plaintiff has not engaged in substantial gainful activity since
his alleged onset date (R. at 16).  At step two, the ALJ found
that plaintiff has severe impairments (R. at 16).  At step
three, the ALJ determined that plaintiff's impairments do not
meet or equal a listed impairment (R. at 17).  After determining
plaintiff's RFC (R. at 19), the ALJ found at step four that
plaintiff is unable to perform past relevant work (R. at 24).
At step five, the ALJ found that plaintiff can perform jobs that
exist in significant numbers in the national economy (R. at 25-
26).  Therefore, the ALJ concluded that plaintiff was not
disabled (R. at 26-27).

**III.  Are the ALJ's RFC findings supported by substantial**
**evidence?**

According to SSR 96-8p, the RFC assessment "must include a
narrative discussion describing how the evidence supports each
conclusion, citing specific medical facts...and nonmedical
evidence." <u>Wells v. Colvin</u>, 727 F.3d 1061, 1069 (10th Cir.
2013).  The ALJ must explain how any material inconsistencies or
ambiguities in the evidence in the case record were considered
and resolved.  The RFC assessment must always consider and
address medical source opinions.  If the RFC assessment
conflicts with an opinion from a medical source, the ALJ must
explain why the opinion was not adopted.  SSR 96-8p, 1996 WL

374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. Wells v. Colvin, 727 F.3d 1061, 1071 (10th Cir. 2013).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess

whether relevant evidence supports the ALJ's RFC determination.
Such bare conclusions are beyond meaningful judicial review.
Brown v. Commissioner of the Social Security Administration, 245
F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ's RFC findings limited plaintiff to light work.
Plaintiff needs to be able to alternate between sitting and
standing at least every 30 minutes for a brief position change
while continuing to work at the workstation; can no more than
occasionally bend, stoop, crouch, crawl, or kneel; can no more
than occasionally climb ramps and stairs, but never climb
ladders ropes or scaffolds; can no more than frequently handle;
can only occasionally finger with the right, dominant hand; and
is limited to unskilled work (R. at 19).

The ALJ gave little weight to the opinions of plaintiff's
treating physician, Dr. Thomson, who stated on December 4, 2013
and again on April 16, 2014 that plaintiff's impairments prevent
him from working (R. at 486, 565).  The ALJ also rejected a form
filled out by Dr. Thomson on November 12, 2013 that plaintiff is
severely limited in his ability to walk at least 100 feet (R. at
422).  The ALJ found the latter statement inconsistent with
plaintiff's own testimony, and rejected the opinion that
plaintiff was disabled because it was conclusory and failed to
set forth any specific limitations (R. at 23).  The ALJ found

that all of Dr. Thomson's opinions were not supported by the evidence of record (R. at 24).

The ALJ also gave little weight to medical opinions from 1988, February 2006, and August 2006 (R. at 371-372, 388, 527-531) which set forth limitations and disability ratings many years prior to the allege onset of disability (October 18, 2013). The ALJ found that the February 2006 limitations were short-term restrictions, and discounted the 1988 and August 2006 disability ratings because they are conclusory and failed to set forth specific limitations (R. at 24).

The ALJ also gave little weight to the opinions of three nonexamining state agency consultants, Dr. Blum (Jan. 23, 2014; R. at 141-142), Dr. May (March 19, 2014; R. at 151-152), and Dr. Tashner, March 18, 2014; R. at 152-154), who had all opined that plaintiff's physical or mental impairments and/or limitations were not severe. The ALJ found that their opinions were based on incomplete reviews of the record, and that subsequent evidence indicated that plaintiff possessed greater physical and mental limitations than they assessed (R. at 23).

Finally, the ALJ gave little weight to the psychological assessment prepared by Dr. Neufeld dated January 14, 2014 (R. at 489-492). The ALJ found that Dr. Neufeld did not have a treating relationship with the plaintiff, and that he did not adequately consider the cumulative effect of plaintiff's

physical and mental impairments on his ability to perform basic
mental work activities on a regular and continuing basis (R. at
24).

Thus, the ALJ rejected all of the medical opinions.  She
rejected the opinions of Dr. Thomsen, a treatment provider, who
opined that plaintiff was disabled and was severely limited in
his ability to walk at least 100 feet.  The ALJ rejected
limitations and disability ratings that predated the alleged
onset date by many years.  Finally, the ALJ rejected the
opinions of Dr. Neufeld and three non-examining medical sources
who opined that plaintiff had no severe physical or mental
impairments or limitations.  The ALJ limited plaintiff to light
work with numerous additional limitations.

First, as required by SSR 96-8p, an RFC assessment must
include a narrative discussion describing how the evidence
supports each conclusion, citing specific medical facts and
nonmedical evidence.  <u>Wells v. Colvin</u>, 727 F.3d 1061, 1069 (10th
Cir. 2013).  However, the record is devoid of any identifiable
discussion explaining how the evidence supported the ALJ's RFC
findings.

Second, the ALJ rejected all medical source opinions
regarding plaintiff's RFC.  The ALJ did not cite to any medical
opinion in support of any of her RFC findings.  However, an
exact correspondence between a medical opinion and the RFC is

not required.  In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file.  That said, in cases in which the medical opinions appear to conflict with the ALJ's decision regarding the extent of a plaintiff's impairment(s) to the point of posing a serious challenge to the ALJ's RFC assessment, it may be inappropriate for the ALJ to reach an RFC determination without expert medical assistance.  Wells v. Colvin, 727 F.3d 1061, 1071-1072 (10th Cir. 2013) (in Wells, the ALJ rejected 3 medical opinions, finding that they were inconsistent with the other evidence in the file; the court directed the ALJ, on remand, to carefully reconsider whether to adopt the restrictions on plaintiff's RFC detailed in the medical opinions, or determine whether further medical evidence is needed on this issue).

In the case before the court, the ALJ rejected the opinions of a treating physician, who opined that plaintiff was disabled. The ALJ also rejected the opinions of an examining medical source, and three non-examining medical sources, who opined that plaintiff had no serious impairments or limitations.  Finally, the ALJ rejected three medical opinions that predated the onset date.  Thus, the ALJ rejected all eight medical opinions regarding plaintiff's ability to work or his limitations, while providing no explanation for finding that plaintiff could

perform light work with numerous additional limitations.[1]  Such
an explanation is required by SSR 96-8p, and the need for such
an explanation is readily apparent given the ALJ's rejection of
all the medical opinion evidence regarding plaintiff's RFC.  The
ALJ's RFC findings must be supported by substantial evidence;
however, it appears not to be supported by any evidence at all.
See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993).
Therefore, the court finds that the ALJ has failed to provide
substantial evidence in support of her RFC assessment.

On the facts of this case, a consultative examination, or
some other medical source opinion(s), could reasonably be
expected to be of material assistance in resolving the issue of
plaintiff's physical RFC, and whether or not she is disabled.
See Williams v. Berryhill, 682 Fed. Appx. 665, 668-669 (10th Cir.
March 17, 2017)(The court held that the existing evidence was
not sufficient to make a determination of Ms. Williams' claim,
noting that there was no medical evidence about her conversion
disorder, its severity, and how it affected her ability to
function.  Even though counsel did not raise the issue of a
consultative examination with the ALJ, there was a clear need
for such an examination because the ALJ had no evidence upon

---

[1] Not considering the opinions that predated the onset date by several years, the ALJ had before her the opinion of a treating physician who opined that plaintiff was disabled, but who set forth no specific limitations, except for a limitation in her ability to walk, and four opinions that plaintiff had no severe impairments or limitations.  Based on this evidence, it simply cannot be ascertained how the ALJ concluded that plaintiff can perform light work with numerous additional limitations.

which to make a finding as to RFC.  Therefore, the ALJ should
have exercised his discretionary power to order a consultative
examination to determine claimant's capabilities or RFC).

IV.  **Did the ALJ err in her credibility analysis?**

Plaintiff has also asserted error by the ALJ in evaluating
plaintiff's credibility.  The court will not address this issue
in detail because it may be affected by the ALJ's resolution of
the case on remand after the ALJ obtains additional evidence,
including medical opinion evidence, regarding plaintiff's RFC.
See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).
When this case is remanded, the ALJ should take into account
that, according to the regulations, activities such as taking
care of yourself, household tasks, hobbies, therapy, school
attendance, club activities or social programs are generally not
considered to constitute substantial gainful activity.  20
C.F.R. § 404.1572(c) (2016 at 402).  Although the nature of
daily activities is one of many factors to be considered by the
ALJ when determining the credibility of testimony regarding pain
or limitations, Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th
Cir. 1993), the ALJ must keep in mind that the sporadic
performance of household tasks or work does not establish that a
person is capable of engaging in substantial gainful activity.
Krauser v. Astrue, 638 F.3d 1324, 1332-1333 (10th Cir. 2011);
Thompson, 987 F.2d at 1490.  As for watching television,

spending time with family, or texting, these are hardly
inconsistent with plaintiff's allegations of pain and related
limitations.  See Krauser, 638 F.3d at 1333.

**V.  Is the ALJ decision invalid because the ALJ was appointed in
violation of the Appointments Clause?**

On June 21, 2018, the U.S. Supreme Court issued its opinion
in Lucia v. S.E.C., 138 S. Ct. 2044, 2049-2055 (2018), holding
that ALJs of the Securities and Exchange Commission (SEC) are
officers under the Appointments Clause, and can only be
appointed by the President, a court of law, or a head of a
department.  The ALJ in this case had been appointed by SEC
staff members; therefore the ALJ was not appointed by one of
those designated in the Appointments Clause.  138 S. Ct. at
2051.  The court found that since Lucia made a timely challenge
to the constitutional validity of the appointment of the ALJ,
the case was remanded in order for the case to be heard by a
properly appointed ALJ.  138 S. Ct. at 2055.

Plaintiff argues that the appointment of Social Security
ALJs are also subject to the Appointments Clause, and asserts
that the Social Security ALJs were not appointed by one of those
designated in the Appointments Clause.   Therefore, the decision
is void.

Following the Supreme Court decision in Lucia, this court
asked the parties for additional briefing about the impact of

13

Lucia in this case (Doc. 14).  Defendant, in her response, does
not dispute the application of the Appointments Clause to Social
Security ALJs, nor does she argue that the Social Security ALJs
were appointed pursuant to the Appointments Clause.  This court
notes that on July 23, 2018, the Solicitor General released a
memorandum acknowledging that the Department of Justice
understands the Court's reasoning to encompass all ALJs in
traditional and independent agencies who preside over
adversarial administrative proceedings and possess the
adjudicative powers highlighted in Lucia.  Therefore, going
forward, ALJs must be appointed or have their prior appointment
ratified in a manner consistent with the Appointments Clause.
Page v. Commissioner of Social Security, 2018 WL 5668850 at *1
(E.D. Mich. Oct. 31, 2018).  Defendant's only argument is that
plaintiff has waived his right to raise this issue because
plaintiff failed to raise it in a timely manner before the ALJ
or the Social Security Administration (Doc. 17).  Plaintiff
concedes that he did not raise this issue until filing his brief
with this court on September 13, 2017 (Doc. 9, 21).

    In Lucia, the court held that "one who makes a timely
challenge to the constitutional validity of the appointment of
an officer who adjudicates his case is entitled to relief."  138
S. Ct. at 2055.  In that case, Lucia contested the validity of
the ALJs appointment before the Commission, and continued to

press the claim in the courts. <u>Id</u>. The question is therefore what constitutes a timely challenge.

Courts generally expect parties to raise constitutional challenges under the Appointments Clause at the administrative level, and hold them responsible for failing to do so. <u>Jones Brothers, Inc. v. Secretary of Labor</u>, 898 F.3d 669, 677 (6th Cir. 2018). Parties may not wait until they are in court to raise a statutory defect in the appointment of the official who issued the agency's initial decision. <u>United States v. L.A. Tucker Truck Lines, Inc.</u>, 344 U.S. 33, 38 (1952). A party is required to exhaust his constitutional claim before the administrative agency before seeking review in federal court. <u>Elgin v. Dep't of Treasury</u>, 567 U.S. 1, 23 (2012). It is well established that a party generally may not challenge an agency decision on a basis that was not presented to the agency. Therefore, a challenge under the Appointments Clause which was first raised in federal court was deemed waived. <u>In re DBC</u>, 545 F.3d 1373, 1377, 1378-1381 (Fed. Cir. 2008). Requiring exhaustion of such claims allows agencies to take into account the specific facts of each matter, and to change course if appropriate. <u>Gilmore v. Weatherford</u>, 694 F.3d 1160, 1169 (10th Cir. 2012); <u>Kon v. United States Securities and Exchange Commission</u>, Case No. 17-3066 (10th Cir. Mar. 31, 2017).

As of this date, courts that have considered this issue have unanimously rejected attacks on the validity of the ALJ's appointment under <u>Lucia</u> if claimant failed to make a constitutional challenge at the administrative level before the ALJ or the Appeals Council.  <u>Kabani & Company, Inc. v. U.S. Securities & Exchange Commission</u>, 733 Fed. Appx. 918, 919 (9th Cir. Aug. 13, 2018); <u>Faulkner v. Commissioner of Social Security</u>, 2018 WL 6059403 at *2-3 (W.D. Tenn. Nov. 19, 2018); <u>Page v. Commissioner of Social Security</u>, 2018 WL 5668850 at *2-3 (E.D. Mich. Oct. 31, 2018); <u>Salmeron v. Berryhill</u>, 2018 WL 4998107 at *3 n.5 (C.D. Cal. Oct. 15, 2018); <u>Garrison v. Berryhill</u>, 2018 WL 4924554 at *2 (W.D. N.C. Oct. 10, 2018); <u>Davidson v. Commissioner of Social Security</u>, 2018 WL 4680327 at *1-2 (M.D. Tenn. Sept. 28, 2018); <u>Stearns v. Berryhill</u>, 2018 WL 4380984 at *4-6 (N.D. Iowa, Sept. 14, 2018); <u>Davis v. Commissioner of Social Security</u>, 2018 WL 4300505 at *8-9 (N.D. Iowa, Sept. 10, 2018.

Plaintiff relies on the case of <u>Sims v. Apfel</u>, 530 U.S. 103, 112 (2000), which held that claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues.  However, in that decision, the court expressly stated that whether a claimant must exhaust

issues before the ALJ "is not before us."  530 U.S. at 107.[2]  In deciding Sims, the court noted that the form to be filled out seeking review by the Appeals Council does not depend much, if at all, on claimants to identify issues for review (the form only provides three lines for the request for review).  The court further stated that the Appeals Council, not the claimant, has primary responsibility for identifying and developing the issues.  The court concluded that claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues.  530 U.S. at 112.[3]

The key in deciding this issue is in the language of the Lucia decision.  In that case, the court held that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief.  The court stated that Lucia made such a timely challenge because he contested the validity of Judge Elliot's appointment before the Commission, and continued pressing that claim in the federal courts.  138 S. Ct. at 2055.  Unlike the case in Lucia, plaintiff in the case before the court never

_____

[2] Plaintiff's brief also notes that raising constitutional issues before the agency is difficult when some claimants are represented by non-attorney representatives, or are not represented at all (Doc. 21 at 2).  However, in this case, plaintiff was represented at his hearing before the ALJ by an attorney (R. at 36).  Furthermore, in Sims, the dissenting opinion pointed out that the Social Security Administration stated in its brief that it does not apply its waiver rule where the claimant is not represented.  530 U.S. at 118.

[3] Part II-B of the Sims opinion, cited here, is a plurality opinion of 4 justices.  Justice O'Connor concurred in part and concurred in the judgment, but did not join Part II-B of the opinion.  530 U.S. at 113.

raised the Appointments Clause issue before the agency.

Furthermore, in Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 15 (2000), the court reiterated that 42 U.S.C. § 405(g) contains the nonwaivable and nonexcusable requirement that an individual present a claim to the agency before raising it in the court. Consistent with the U.S. Supreme Court rulings in Shalala and Sims, other courts that have addressed this issue have held that Sims is not applicable when the claimant has failed to raise his claim before the ALJ or the Appeals Council. Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017); Stearns v. Berryhill, 2018 WL 4380984 at *4-5 (N.D. Iowa, Sept. 14, 2018)(Strand, C.J.); Davis v. Commissioner of Social Security, 2018 WL 4300505 at *8-9 (N.D. Iowa, Sept. 10, 2018)(Reade, J.). In light of the fact that plaintiff never raised this issue before the Social Security Administration, the court finds that plaintiff did not make a timely challenge to the constitutional validity of the appointment of the ALJ.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 7th day of December 2018, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge